IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.        No. CR 08-1539 MV

FELIPE CANELA and MANUEL ORTIZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Felipe Canela's Motion for a Conditional Grant of a Motion for a New Trial, filed January 13, 2010 [Doc. 159]. On May 21, 2009 Defendant was convicted by jury of conspiracy and possession of cocaine and ecstacy. On May 26, 2009, he filed a Motion for Judgment of Acquittal [Doc. 125] and a Motion for New Trial [Doc. 126]. On January 11, 2010, the Court granted Defendant's Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29 and denied his Motion for a New Trial as moot [Doc. 157].[1] The Court, having considered Defendant's present Motion, the relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be **GRANTED**.

## DISCUSSION

When the Court enters a judgment of acquittal following the jury's verdict of guilty, "the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination." Fed. R. Crim. P. 29(d)(1). After careful review of the Rules of Criminal

---

[1] An detailed account of the factual and procedural history of the case is set forth in the Court's Memorandum Opinion and Order granting Defendant's Motion for Judgment of Acquittal.

Procedure and the relevant case law, the Court finds that it erred in denying Defendant's Motion for a New Trial as moot. Rule 29 sets forth a mandate that the Court conditionally determine whether or not Defendant is entitled to a new trial in the event that the Court's judgment of acquittal is vacated or reversed. Fed. R. Crim. P. 29(d)(1).

Federal Rule of Criminal Procedure 33 governs the Court's granting of a new trial. This rule provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The rule "recognizes the traditional principle that the trial court has broad powers to grant a new trial if for any reason it concludes that the trial has resulted in a miscarriage of justice." 3 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 551 (3d ed. 2004). Unlike Rule 29's restrictive standard,[2] when ruling on a motion for a new trial, the Court has broad discretion and is free to weigh the evidence in support of the motion and assess a witness's credibility. *Tibbs v. Florida*, 475 U.S. 31, 37-38 (1982). Nonetheless, a motion for a new trial is regarded with disfavor and should only be granted with great caution. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (citation omitted).

In its Memorandum Opinion and Order granting Defendant's acquittal motion, the Court explained that the strongest evidence the government presented linking Defendant to the narcotics was the fact that he was present in the truck and thereby facilitated the distribution of drugs. Defendant's mere presence, without more, is insufficient to sustain the jury's guilty

---

[2]Under Fed. R. Crim. P. 29, the Court may issue a judgment of acquittal only after viewing the evidence in the light most favorable to the prosecution and determining that a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

verdict.  *See United States v. Reece*, 86 F.3d 994, 996 (10th Cir. 1996) ("Where possession is not clear, such as when the contraband may be attributed to more than one individual, constructive possession requires some nexus, link, or other connection between the defendant and the contraband." ) (citation omitted); *United States v. Castorena-Jaime*, 285 F.3d 916, 933 (10th Cir. 2002) (defendant's "mere presence" in vehicle with narcotics insufficient to prove required nexus) (citation omitted).

     Aside from Defendant's presence in the vehicle, the government produced no evidence tending to establish his guilt.  The government failed to demonstrate that Defendant had possession or maintained control over the area of the trailer in which the drugs were found.  The government introduced no evidence of Defendant's signature or any other form of his approval of the contents in the truck.  The government presented no evidence allowing a reasonable inference that Defendant played any role in loading the truck, securing the trailer's seal or padlock, or otherwise monitoring the contents of the trailer.  Defendant's initially calm demeanor and his surprised reaction after learning that the officers at the Port of Entry had discovered narcotics in the truck – as described by government witnesses – does not support an inference of guilty knowledge.

     In its order granting Defendant's Motion for Judgment of Acquittal, the Court found that based on the weakness of the evidence presented at trial, the jury's conclusion that Defendant did in fact have knowledge of the narcotics in the trailer amounted to "piling inference on inference." Doc. 157 (quoting  *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995)).  Even after viewing the evidence in the light most favorable to the government, the Court nevertheless found that the evidence was insufficient to support the jury's guilty verdict.  In arriving at this

conclusion, the Court did not assess witness credibility, nor did it assume the role of fact-finder and engage in its own independent analysis regarding whether or not Defendant had been proven guilty beyond a reasonable doubt.

In contrast, in ruling on Defendant's Motion for a New Trial pursuant to Rule 33, the Court is permitted to engage in these analyses. *Tibbs*, 475 U.S. at 37-38. Particularly when unbound by the restrictive standard of review the Court must exercise under Rule 29, the Court finds that the evidence supporting Defendant's conviction was wholly insufficient, and the government's failure to meet its substantial burden of proof beyond a reasonable doubt is even more apparent. The government's failure to link Defendant to the narcotics in the trailer in any meaningful way gives rise not only to a reasonable doubt, but a substantially strong doubt as to Defendant's guilty knowledge. As the evidence the government presented at trial was insufficient to sustain a guilty verdict, should the Court's order acquitting Defendant be reversed or vacated, the interest of justice requires that Defendant be granted a new trial. *See United States v. Souder*, __ F. Supp. 2d __, 2009 WL 3381526, at *16-17 (M.D.N.C. 2009) (granting defendants' motion for new trial based on insufficiency of evidence following grant of judgment of acquittal, in light of Rule 33's less deferential standard than that under Rule 29); *United States v. Della Rose*, 278 F. Supp. 2d 928, 934-35 (N.D. Ill. 2003) (granting motion for judgment of acquittal and conditionally granting motion for new trial based on insufficiency of evidence).

## CONCLUSION

For the aforementioned reasons, the Court finds that the interest of justice would require a new trial should the Court's order granting Defendant's Motion for Judgment of Acquittal be vacated or reversed. **IT IS THEREFORE ORDERED** that Defendant Felipe Canela's Motion

for a Conditional Grant of a Motion for a New Trial [Doc. 159] **IS GRANTED**.

Dated: this 15th day of January, 2010.

_____
MARTHA VAZQUEZ
U.S. DISTRICT COURT JUDGE